IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
MICHAEL E. HARRIS,              )
                                )
             Plaintiff,         )      4:11CV3025
                                )
      v.                        )
                                )
THERADO HARRIS SR.,             )      MEMORANDUM OPINION
CELESTINE HARRIS FRAZIER, and   )
EILEEN A. HANSEN, et al.,       )
                                )
             Defendants.        )
_____)
```

Plaintiff filed a pleading entitled "Notice of Removal" in this matter on February 24, 2011 (Filing No. 1). The Court now conducts an initial review of the pleading to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF PLEADING**

Plaintiff filed a pleading entitled "Notice of Removal" against three individual defendants on February 24, 2011 (Filing No. 1 at CM/ECF p. 1). Plaintiff is currently confined in the Tecumseh State Prison in Tecumseh, Nebraska. (*Id*. at CM/ECF p. 9; *see also* Docket Sheet.)

In his pleading, plaintiff asks the Court to "hear and try" a civil case pending "in the district court of Douglas County," Nebraska, case number 1083-552. (*Id*.) Plaintiff filed this state court case against defendants, alleging "fraudulent and negligent misrepresentation, undue influence, [and] breach of

fiduciary duty" arising from a dispute over a home equity loan (Filing No. 8 at CM/ECF pp. 30-31).

Plaintiff has become unhappy with the way the Douglas County court is handling several pre-trial issues in his state court proceeding, including plaintiff's filing of a supplemental complaint and the Court's denial of his request for a continuance of trial (Filing No. 1 at CM/ECF pp. 2-6, 8). Plaintiff asserts that the Douglas County Court is disregarding his due process rights and that he is being forced into a trial with a biased judge. (*Id*. at CM/ECF pp. 2, 8.) Plaintiff seeks a "fair determination of his rights" in federal court. (*Id*. at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from

-2-

conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

As discussed above, plaintiff seeks to remove a state court case that he filed against defendants to federal court. As a matter of procedure, removal is available only to a defendant, except for a limited circumstance not applicable in this case. 28 U.S.C. 1441(a); *see Columbia Gas & Elec. Corp. v. Am. Fuel & Power Co.*, 322 U.S. 379, 383-84 (1944). The removal statute provides, in relevant part:

> Except as otherwise provided by Act of Congress, any civil action

-3-

> brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Simply put, plaintiff has no basis in law to remove his Douglas County Court case to federal court.

Nevertheless, because plaintiff is proceeding pro se, the Court must construe his allegations liberally. *Burke*, 294 F.3d at 1043-44. Liberally construed, plaintiff may have intended to file his pleading as a federal complaint. However, even under this construction, the Court must abstain from exercising jurisdiction over plaintiff's claims.

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state court proceeding has already been commenced. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that

proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Here, plaintiff clearly alleges that there is an ongoing state court proceeding. In addition, his disagreement with the Douglas County Court's handling of his case and his allegation that he is being forced into a trial with a biased judge implicate important state interests. *See*, *e.g.*, *Sanchez v. Wells Fargo Bank*, 307 F. App'x 155, 158 (10th Cir. 2009) (finding plaintiff's bias allegation against a state court judge insufficient to circumvent *Younger* abstention because a state judge's actions are a matter of obvious state interest and best left, at least in the first instance, for review by the state appellate courts); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (noting that a state interest is "important" for purposes of *Younger* abstention where the "exercise of the federal judicial power would disregard the comity between the States and the National Government"). Moreover, plaintiff has not alleged, nor does the record show, that he does not possess an adequate opportunity to raise his constitutional issues in

state court.[1]  This matter will be remanded to the Douglas County Court.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] If plaintiff is unsuccessful in his state court trial, plaintiff presumably can assert his bias allegations in a state civil appeal and, if successful, the state appellate court(s) will presumably take appropriate action.

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.